# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DISTRICT

| | | |
|---|---|---|
| KEITH TAYLOR BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:18CV152 NCC |
| | ) | |
| CAPE GIRARDEAU COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Keith Taylor Brooks, a prisoner, for leave to commence this action without prepayment of the filing fee. Having reviewed plaintiff's financial information, the Court will assess an initial partial filing fee of $1.00.[1] In addition, the Court will allow plaintiff the opportunity to submit an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp.*

---

[1]Plaintiff has not submitted a prison account statement.  As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

1

*v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this action to redress violations of his civil rights, and names Cape Girardeau County as a defendant in this action. Plaintiff names eleven additional individuals as defendants in this action, including: John Jordan (Sheriff); Unknown Davis (Lieutenant); James Mulcahy (Captain); Ruth Ann Dickerson (Captain); R. Williams (Correctional Officer); A. Surface (Correctional Officer); Unknown Stewart (Correctional Officer); A. Boliva (Correctional Officer); and Unknown Cato (Correctional Officer).

Plaintiff alleges that he was admitted to the Cape Girardeau County Jail as an inmate on or about April 6, 2018. He claims that when he was admitted to the Jail he was given a dirty pair of pants and a dirty shirt by Correctional Officer Surface.[2] Plaintiff states that he asked for

---

[2]Plaintiff does not identify exactly which defendant Surface provided him with the purported

2

"clean" clothes, noting that there was a pile of clothes behind the Officer that seemed to be available for use at intake. Plaintiff alleges, however, that Correctional Officer Surface denied him the use of the "clean" clothes. Plaintiff further alleges that he was not given any "hygiene" items at intake. Plaintiff does not indicate exactly what "hygiene" items he was not provided by the Jail, nor does he indicate what hygiene items he was expected to buy from the Commissary.

Plaintiff claims that he has had to wear the dirty clothes for approximately two months. He claims that he got genital herpes from the dirty clothes, although he has not indicated that he saw a doctor at the Jail for such a diagnosis. He merely states that an unnamed nurse he saw didn't "look at it" and he was told to "put in a request form if he did have it."

He additionally states that his clothes smelled and other inmates laughed at him as a result of the dirty clothing he was given at intake.

Plaintiff states that he believes his legal mail was opened by the Jail sometime between June 7, 2018 and June 12, 2018. Plaintiff asserts that "no officers will answer [his] requests for names" of who allegedly opened the mail.

Plaintiff claims that grievances he allegedly wrote about incidents at the Jail have been thrown away. Plaintiff, however, does not indicate what he wrote the grievances about or who allegedly threw the grievances away.

Plaintiff alleges that he informed Correctional Officer Williams at the Jail on April 6, 2018 that he was Jewish and required kosher meals. He asserts that he has been denied kosher meals at the Jail and as a result he has lost weight. However, he also states that when he asked

---

"dirty" clothes. He merely states that one of the Correctional Officers named "Surface" assisted with checking him into the Jail on April 6, 2018. However, plaintiff has identified two Correctional Officers with the name Surface in this matter: S. Surface and A. Surface. Plaintiff will need to amend his complaint in order to specify which Officer Surface allegedly provided him with dirty clothes during his intake process.

3

why he was being denied kosher meals he was told that all of the meals at the Jail were kosher and ok for him to eat.

Last, plaintiff asserts in a conclusory fashion that "Co's do not keep inmates safe as their policies suggest."

Plaintiff seeks compensatory damages and injunctive relief.

## Discussion

### A. Frivolity Review

First, to the extent plaintiff is bringing suit against the Cape Girardeau County Jail, the complaint is legally frivolous because the Cape Girardeau County Jail is not an entity that is subject to a suit. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

To the extent plaintiff is attempting to bring a lawsuit against Cape Girardeau County, his lawsuit is also frivolous. Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Plaintiff has not alleged that there was an official policy or unofficial custom of Cape Girardeau County or the Jail to either deny him a kosher meal or provide him with dirty clothes. Moreover, plaintiff has not alleged a failure to train the jail officials in this action. Thus, he has not alleged a cause of action against Cape Girardeau County.

Plaintiff's allegations against the individual defendants in this action also fail to state a claim upon which relief may be granted. The only specific allegations against individual defendants that plaintiff has made in his complaint are against Unknown Surface for providing

4

him with dirty clothes at intake and Correctional Officer Williams whom plaintiff purportedly told that he needed kosher meals.

Unfortunately, plaintiff has failed to identify which Correctional Officer Surface purportedly failed to provide him with clean clothes at intake, and plaintiff, himself, has indicated that the Jail told him that all of the meals at the Jail are certified kosher. If plaintiff has reason to believe otherwise, he should state in his fact statement how and why he believes the meals are not certified kosher, and in order to state a claim against the proper Correctional Officer Surface, plaintiff must identify which Officer Surface he is bringing his claims against.

As for plaintiff's other claims in this action, plaintiff must establish a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). And in order for a defendant to be liable under 42 U.S.C. § 1983, a plaintiff must allege that the defendant was personally responsible, or directly involved in, the incidents that purportedly injured plaintiff. *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). However, there is no respondeat superior liability under § 1983. Therefore, stating that a supervisor, or the Sheriff of the Jail, is laible for the behavior of Correctional Officers who interacted with plaintiff daily, is not enough to establish responsibility under § 1983. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995).

In the instant action, plaintiff has not set forth any facts indicating that the majority of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint, as currently written, fails to state a claim upon which relief can be granted.

Plaintiff's claims that defendants failed to properly respond to his grievances also fails to state a claim under 42 U.S.C. § 1983. There is no federal constitutional right to a prison

grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

As for plaintiff's claims regarding the "opening of his legal mail," as currently stated he has not yet stated a claim for relief. "Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened . . . except in the presence of the prisoner." *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). However, "[n]on-privileged inmate mail is clearly not immune to inspection, thus such inspections [of non-privileged mail] cannot give rise to civil rights violations." *Id.* Plaintiff has not alleged that any of the opened mail contained privileged communications. "[T]he mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment." *Harrod v. Halford*, 773 F.2d 234, 236 (8th Cir. 1985).

Last, as to plaintiff's conditions of confinement claim, relating to his assertion that he wasn't given the proper "hygiene items" and he was made to wear "dirty clothes" for two months, the Court notes that in order for plaintiff to state a conditions of confinement claim he would have to show: (1) the conditions of confinement posed a substantial risk of serious harm and (2) that the prison officials knew of but disregarded, or were deliberately indifferent to, plaintiff's health and safety. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see Hott v.*

*Hennepin County, Minnesota*, 260 F.3d 901, 905 (8th Cir. 2001) (applying deliberate indifference standard to pretrial detainee's conditions-of-confinement claim). As such, plaintiff would do well to explain in his amended complaint how the purported unlawful conditions of confinement, i.e. the dirty clothes and lack of hygiene, posed a substantial risk of harm to his health and safety and how the prison officials knew that this was occurring but disregarded it.

### B. Instructions on Amending the Complaint

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. **Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.**[3]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each

---

[3] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

### C. Denial of Request for Injunctive Relief

The Court will deny plaintiff's request for injunctive relief at this time. [Doc. #3] Plaintiff requests that the Court make sure that he is protected from "health problems, be it mental or physical," and that defendants not be allowed to "do him harm." Unfortunately, plaintiff's request, as currently stated, is simply too conclusory and too broad and unrelated to the narrow allegations in the complaint for the Court to grant the extraordinary remedy of injunctive relief. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).[4]

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the

---

[4] Plaintiff does, at one point in his motion, seek injunctive relief "ordering defendants to provide new, clean clothes, good hygiene, clean bedding and mats, as well as keep other inmates safe by providing all the same materials to all entering jail as inmates." However, the Court believes this request is merely part of plaintiff's overall request for injunctive relief in this action, rather than a stand-alone request for preliminary injunction, as this matches plaintiff's request for injunctive relief in his complaint.

movant." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Id.*

Plaintiff's allegations in this action are extremely serious. However, as noted above, he has failed to identify who denied him hygiene items when he asked for them, and who, besides defendant Unknown Surface, denied him clean clothing on the first day he entered Cape Girardeau County Jail. Moreover, plaintiff has failed to identify exactly what medical defendant, if anyone, diagnosed him with genital herpes. Plaintiff has also failed to provide the Court with specific allegations as to whether he was indeed denied a kosher diet, as he admits he was told that the Jail food is certified kosher. For the aforementioned reasons, the Court will deny plaintiff's request for preliminary injunction, without prejudice.

### D. Denial of Motion for Appointment of Counsel

Last, the Court will deny plaintiff's request for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented serious, non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court, and the Court will provide him an opportunity to amend his complaint to properly present his claims in a

more succinct fashion. Additionally, neither the factual nor the legal issues in this case are complex. As such, the Court will deny plaintiff's motion for appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AT THIS TIME.**

**IT IS FURTHER ORDERED that** plaintiff's request for preliminary injunctive relief [Doc. #3] is **DENIED WITHOUT PREJUDICE**.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 17th day of July, 2018.

                                                    HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE