UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| KEITH TAYLOR BROOKS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  1:18CV152 NCC |
| CAPE GIRARDEAU COUNTY, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint submitted by plaintiff on August 6, 2018. Plaintiff, a prisoner currently incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), filed this action on June 6, 2018, seeking leave to proceed in forma pauperis. Plaintiff was granted in forma pauperis status on July 17, 2018, and he was assessed an initial partial filing fee of $1.00 at that time.[1] The Court reviewed plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e) and found that several of plaintiff's allegations failed to state a claim upon which relief could be granted. Accordingly, plaintiff was required to amend his complaint at that time.

---

[1] Plaintiff has filed a second motion to proceed in forma pauperis in this action. In his second motion, plaintiff states that he has a negative account balance, and Cape Girardeau County Jail will not provide him with a copy of his prison account statement. It appears that plaintiff is requesting to waive the filing fee in its entirety. The Court will deny plaintiff's motion for waiver, as prisoners are required to pay the full filing fee in compliance with the Prison Litigation Reform Act. Regardless, plaintiff has since been moved to ERDCC. If he still cannot pay the full $1.00 filing fee, he should request an account statement from the Missouri Department of Corrections and provide it to the Court so that the Court can modify the initial partial filing fee.

After reviewing plaintiff's amended complaint in its entirety, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Amended Complaint[2]

Plaintiff brings this action to redress violations of his civil rights, and names Cape Girardeau County as a defendant in this action. Plaintiff names ten additional individuals as defendants in this action, including: John Jordan (Sheriff); Unknown Davis (Lieutenant); James Mulcahy (Captain); Ruth Ann Dickerson (Captain); A. Surface (Correctional Officer); S. Surface (Correctional Officer); Unknown Stewart (Sergeant); A. Boliva (Correctional Officer); Unknown Motley (Correctional Officer); and Unknown Cato (Correctional Officer). Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges that he was admitted to the Cape Girardeau County Jail as an inmate on or about April 6, 2018. He claims that when he was admitted to the Jail he was given one pair of orange pants and one orange shirt at intake by Officer A. Surface. Plaintiff states that the "Inmate Handbook" at the Jail states that all inmates at the facility are to receive two pairs of pants, two shirts, two pairs of underwear and socks and a hygiene kit consisting of one bar of soap, one toothbrush, one tube of toothpaste, one vial of shampoo and one comb. Plaintiff alleges that he was denied all hygiene items by Officer A. Surface at intake.

Plaintiff asserts that between April 6th and April 18th, 2018, he made several attempts to "receive the clothing and hygiene he was denied by Officer A. Surface." He claims all grievances were returned marked "resolved." Plaintiff does not indicate to whom the grievances were given, nor does plaintiff indicate which defendants, if any, returned the grievances to him. Plaintiff does allege, however, that some of his grievances were erased from the electronic

---

[2]Plaintiff was warned in the July 17, 2018 Memorandum and Order that the Amended Complaint supersedes the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The Court will therefore treat the amended complaint as a stand-alone document.

system by defendant Stewart on June 3, 2018. Plaintiff does not assert which grievances were erased or why he believes they were erased.

Plaintiff states that he was "verbally abused" by defendants Boliva, Cato, A Surface, Motley and S. Surface. He asserts that "defendants made fun of plaintiff when asking for clothes, hygiene and to be moved."

Plaintiff claims on May 17, 2018, he was "assaulted in his pod." Plaintiff does not indicate who assaulted him, but it appears that plaintiff is referring to an inmate assault. Plaintiff asserts that he suffered a split lip, a bump on top of his head, and a bump on his cheek. Plaintiff claims that he was attacked because his clothes purportedly smelled bad. He asserts that his clothes were the same clothes he had been given a month prior that still had not been washed. Plaintiff states that after the assault he asked defendant Davis over the intercom if he could be moved and he was told to "wait a little while." Plaintiff does not indicate whether or not he was eventually moved, but he has not indicated that he was assaulted again after that time.

Plaintiff asserts that at an unnamed date in 2018, he contacted white bumps on his genitals. He claims that he asked an unnamed nurse to look at the rash, but she refused. Plaintiff has not named this unnamed nurse as a defendant in this action for denial of medical care.[3] Plaintiff alleges that on July 29, 2018, a second nurse at the Jail confirmed that he had contacted genital herpes. He states that he was awaiting treatment at that time.

Plaintiff asserts that on May 20, 2018 and on May 22, 2018 he was "denied the use of the law library" by defendant Stewart. Plaintiff does not indicate what he needed to use the law library for during these dates.

---

[3] Plaintiff states that he has been unable to find out the nurse's name in order to name her as a defendant. If, within the time specified in the Case Management Order that will be later issued by this Court, plaintiff is able to ascertain the nurse's name, he may seek leave from the Court to amend his complaint to add the nurse as a defendant.

Plaintiff alleges that he "was denied a kosher diet since being booked." Plaintiff does not indicate in his amended complaint, however, that he currently observes a religion that would cause him to need a kosher diet, and he does not state which defendant allegedly denied him the kosher diet when he asked for one. Plaintiff does state later in his amended complaint that defendant Stewart denied him kosher meals, but again, he does not state why he needed the meals.

Last, plaintiff asserts in a conclusory fashion that Cape Girardeau County permitted an "unofficial policy or custom of its employees mistreating inmates by purposefully depriving them of their rights and failing to train [their] employees to properly deal with inmates." He claims that defendants John Jordan and Captains Mulcahy and Dickerson are responsible for all operations at Cape Girardeau County Jail.

Plaintiff seeks compensatory damages and injunctive relief.

**Discussion**

**A. Frivolity Review**

First, to the extent plaintiff is bringing suit against the Cape Girardeau County Jail, the complaint is legally frivolous because the Cape Girardeau County Jail is not an entity that is subject to a suit. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

To the extent plaintiff is attempting to bring a lawsuit against Cape Girardeau County, his lawsuit is also frivolous. Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Plaintiff has not alleged that there was an official policy or unofficial custom of Cape

Girardeau County or the Jail to either deny him a kosher meal or provide him with dirty clothes. Moreover, plaintiff's allegations that there was a failure to properly train the employees at the Jail are entirely conclusory.

A plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff has not alleged any facts in his complaint that would demonstrate a policy or custom that is unconstitutional or that violates his and others' civil rights. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Thus, he has not alleged a failure to train the jail officials in this action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff's allegations against the majority of the individual defendants in this action also fail to state a claim upon which relief may be granted. The only specific allegations against individual defendants that plaintiff has made in his amended complaint that the Court will issue on at this time are against A. Surface, in his individual capacity only[4], for failing to provide plaintiff with a proper hygiene kit at intake and only one set of clothes. Plaintiff's assertions that he lacked proper hygiene and clean clothes from the time of his admittance in the Jail for almost

---

[4]The Court has found, above, that plaintiff has not properly alleged a policy or custom claim against Cape Girardeau County in his amended complaint. Therefore, plaintiff's official capacity claims against defendants in this action are subject to dismissal as well. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation).

two months, alleges enough to state a conditions of confinement claim against A. Surface in his individual capacity, and the Court will issue process on this claim. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *Hott v. Hennepin County, Minnesota,* 260 F.3d 901, 905 (8th Cir. 2001) (applying deliberate indifference standard to pretrial detainee's conditions of confinement claim).

Plaintiff's claims relating to kosher meals, however, fail to state a claim under RLUIPA or the 1st Amendment, as plaintiff has failed to allege that he was practicing a religion requiring a kosher diet. *See Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 815 (8th Cir.2008) (holding a prisoner-plaintiff must show he "has exhausted alternative means of accommodating his religious ... needs" to prove a substantial burden under RLUIPA or the Free Exercise Clause); *see also Gladson v. Iowa Dep't of Corr.,* 551 F.3d 825, 833–34 (8th Cir.2009).

Furthermore, plaintiff's claims against defendants for "verbal harassment" fail to state a claim upon which relief may be granted. Verbal harassment is actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right. *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997) (internal citations omitted); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (threatening words, without more, do not invade a federally-protected right).

Plaintiff's purported "failure to protect" claim against an unnamed defendant also fails to state a claim for relief. In his claim he asserts that he was assaulted by other inmates because his clothes smelled. It appears that after the assault he asked to be moved from the cell.

To state a failure to protect claim, plaintiff must show that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2)

they actually drew the inference, and (3) they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Plaintiff has not alleged that defendants were aware that there was a substantial risk of harm to plaintiff that he could be assaulted and that they failed to take reasonable steps to protect him as a result. Therefore, moreover, he has failed to allege that one particular defendant in this action knew of the existence of the harm. Therefore, he has failed to state a claim upon which relief may be granted.

Plaintiff has also failed to state an access to courts claim against defendant Stewart for failing to allow him to go to the law library on two separate dates. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he had a pending or ongoing criminal or civil case at the time he was attempting to visit the law library and that his failure to get to the law library caused an injury to that case. Thus, his access to courts claims are subject to dismissal.

Plaintiff's claims for denial of medical care relating to an unnamed nurse who is not a defendant in this action are subject to dismissal at this time. A plaintiff must establish a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). And in order for a defendant to be liable under 42 U.S.C. § 1983, a plaintiff must allege that the defendant was personally responsible, or directly involved in, the incidents that purportedly injured plaintiff. *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Because plaintiff has not alleged the specific nurse defendant who purportedly denied him medical care regarding his genital rash, his denial of medical claims are subject to dismissal.

Similarly, there is no respondeat superior liability under § 1983. Therefore, plaintiff's allegations that Sheriff Jordan, Captains Mulcahy and Dickerson are liable for the behavior of Correctional Officers who interacted with plaintiff daily, is not enough to establish responsibility under § 1983. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995).

Last, plaintiff's claims that defendants failed to properly respond to his grievances or destroyed his grievances also fails to state a claim under 42 U.S.C. § 1983. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to waive the filing fee [Doc. #10] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant A. Surface in his individual capacity as to a conditions of confinement claim.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant A. Surface shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Cape Girardeau County, Sheriff John Jordan, Unknown Lieutenant Davis, Captain James Mulcahy, Captain Ruth Ann Dickerson, Correctional Officer S. Surface, Sergeant Unknown Stewart, Correctional Officer A. Boliva, Correctional Officer Unknown Motley or Correctional Officer Unknown Cato because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 29th day of January, 2019.

                                                                                       *[signature]*
                                                                  HENRY EDWARD AUTREY
                                                                  UNITED STATES DISTRICT JUDGE